**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AARON CLAYTON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | Case No. 2016 C 6882 |
| vs. ) | |
| ) | Judge: Hon. Rebecca R. Pallmeyer |
| Richard Piek, Star # 13633; Jerry Crisp, ) | |
| Star # 12580; Richard Bolton, Star # 5281; ) | Magistrate Judge: Hon. Maria Valdez |
| Lafayette Triplett, Star # 18220; N.A. ) | |
| Guswiler, Star #1655, ) | |
| ) | |
| Defendant(s) ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

Defendants, Richard Piek, Jerry Crisp, Richard Bolton, Lafayette Triplett Jr., and Nancy Guswiler, by and through one of their undersigned attorney, Mark D. Winistorfer, Assistant Corporation Counsel of the City of Chicago, pursuant to Federal Rule of Civil Procedure 56 submit this memorandum in support of their joint motion for summary judgment on Plaintiff's claims, and state as follows:

**FACTUAL SUMMARY**

Plaintiff was arrested and charged with Delivery of a Controlled Substance on January 28, 2016. Defendants' Local Rule 56.1 Statement of Undisputed Material Facts ("SOF") ¶¶ 11-12. While that case was pending, in March of 2016, Plaintiff was on home electronic monitoring. SOF ¶ 11. On March 16, 2016, Judge Ford, a Judge in the Circuit Court of Cook County, issued an arrest warrant for Plaintiff based on a signed felony criminal complaint for case number 16 MC1 10604601. SOF ¶ 6-7. Judge Ford found probable cause to arrest Plaintiff

1

based on an October 14, 2015 delivery of a controlled substance to Officer Bolton, who was acting undercover at that time. SOF ¶¶ 9-10.

Based on this warrant, Officers Piek and Crisp arrested Plaintiff on March 17, 2016. SOF ¶¶ 13-15. Plaintiff acknowledges the existence of this arrest warrant. SOF ¶¶ 16-17. Plaintiff now understands that he was arrested pursuant to that arrest warrant. *Id*. After his arrest, the next day, Plaintiff was arraigned before Judge Maria Kuriakos-Ciesil and given a bond hearing. SOF ¶¶ 18-19. At the hearing, Judge Kuriakos-Ciesil issued a $30,000 IBond with electronic monitoring. *Id*. Plaintiff was out of Cook County Jail within a matter of days. SOF ¶¶ 19-218.

On April 6, 2016, the charges against Plaintiff were superseded by a direct indictment and his case was transferred to the Criminal Division the next day. SOF ¶¶ 22-24. Plaintiff's case was transferred to the criminal division the next day and joined to 16 CR 4818, and Plaintiff was designated as the 02 defendant. SOF ¶¶ 25-27. On April 26, 2017, 16 CR 4818 was dismissed *nolle prosequi*. SOF ¶ 30.

However, Plaintiff's earlier arrest, 16 CR 0302301, for which he was on home monitoring in the first place, proceeded until July 27, 2016. SOF ¶¶ 31-32. On July 27, 2016, Plaintiff changed his plea to "guilty," was convicted, and was sentenced to 4 years IDOC. SOF ¶¶ 31-32. Plaintiff now understands that he was arrested on March 17, 2016 pursuant to an arrest warrant for delivery of a controlled substance on October 14, 2015. SOF ¶ 17.

## LEGAL STANDARD

Summary judgment is proper if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also* Fed. R. Civ. P. 56. Summary judgment may be granted when "no reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate with admissible evidence that a genuine issue of material fact exists that requires a trial. *Id.* at 490. This does not mean there cannot be any factual disputes, only those that are material. *Anderson*, 477 U.S. at 247-48; *see also Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001). Under this standard, Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims.

## ARGUMENT

### I. Plaintiff's claims are defeated by the presence of probable cause

The Fourth Amendment forbids unreasonable searches and seizures, and *Wolf v. Colorado*, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), held the Fourth Amendment applicable to the states by virtue of the Fourteenth Amendment. *Patton v. Przybylski*, 822 F.2d 697, 699 (7th Cir. 1987). To prevail on a cause of action for false arrest, a plaintiff must show that probable cause for his arrest was lacking. *Williams v. Rodriguez*, 509 F. 3d 392, 398 (7th Cir. 2007). "Probable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon City, Ill.*, 705 F.3d 706, 714 (7th Cir. 2013).

Probable cause to arrest is an absolute defense to any claim under Section 1983 against Police Officers for wrongful arrest. *Mustafa v. City of Chicago,* 442 F. 3d 544, 547 (7th Cir. 2006). The same is true where there is a state law false imprisonment claim. *Fulk v. Roberts*, 164

3

Ill. App. 3d 194, 199-200, 517 N.E.2d 1098, 1101 (5th Dist. 1987) ("Probable cause is an absolute bar to a claim of false imprisonment.") Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation. *Baker v. McCollan*, 443 U.S. 137, 143 (1979). This includes actions for malicious prosecution. *See Carver v. Heisner*, 986 F.2d 1424 (7th Cir. 1993) *quoting Juriss* v. *McGowan*, 957 F.2d 345, 350 (7th Cir. 1992). Indeed, the existence of probable cause is a complete defense to a malicious prosecution action under both Illinois and federal law. *See Penn v. Chicago State Univ.,* 162 F. Supp. 2d 968, 975 (N.D. Ill. 2001), aff'd sub nom. *Penn v. Harris*, 296 F.3d 573 (7th Cir. 2002).

    **a. Triplett and Bolton obtained an arrest warrant based on probable cause from Judge Ford.**

On March 16, 2016, Officers Bolton and Triplett obtained an arrest warrant from Judge Ford. SOF at ¶¶ 6-10. The warrant was based on probable cause. SOF ¶¶ 9-10. It is undisputed that this warrant was issued on that date and is facially valid. SOF ¶¶ 6-10. Plaintiff himself acknowledged as much in his deposition. SOF ¶¶ 16-17. Plaintiff cannot prevail in his claims of false arrest, false imprisonment, or malicious prosecution against these defendants as a neutral magistrate, Judge Ford, found that there was sufficient probable cause to arrest Plaintiff for Delivery of a Controlled Substance to Defendant Officer Bolton, who was acting as an undercover officer, at 1040 N. Ridgeway, Chicago, Cook County, Illinois on October 14, 2015. SOF ¶¶ 6-10. Plaintiff does not dispute this. SOF ¶¶ 16-17. Furthermore, Plaintiff does not allege that the arrest warrant was based on any false statements by Officers Bolton or Triplett. SOF ¶ 8. Because the warrant was issued on probable cause, Officers Bolton and Triplett are shielded from liability and Plaintiff's claims against them must be dismissed.

4

### b. Piek, Crisp, and Guswiler are also protected by probable cause and, additionally, by the collective knowledge doctrine.

In the case of an outstanding arrest warrant, the warrant provides probable cause for the arrest. *McNamara v. Handler*, No. 08 C 3868, 2008 WL 5244648, at *2 (N.D. Ill. Dec. 16, 2008) (citing *United States v. Thornton*, 463 F.3d 693, 698 (7th Cir. 2006) (outstanding arrest warrant supports probable cause for arrest whether or not it was correct). If an arrest warrant is valid on its face, its execution against the person named in the warrant does not violate the Fourth Amendment even if, because someone has made a mistake, the person named in the warrant is not the person whom the authorities intended to arrest. *Johnson v. Miller*, 680 F.2d 39, 41 (7th Cir. 1982). The policeman who executes an apparently valid arrest warrant is not liable should probable cause to arrest the person be lacking. *Patton*, 822 F.2d at 699. "Having the warrant provides the officers with a document upon which a neutral judicial officer has already reviewed the factors and has made a determination that probable cause exists to arrest." *McNamara*, 2008 WL 5244648, at *2 (citing *Steagald v. United States*, 451 U.S. 204, 212, 101 S.Ct. 1642 (1981)). "Because such a determination has been made, once an arrest warrant is issued by a neutral judge, the officer executing the warrant is not responsible for making a probable cause determination or questioning the validity of the warrant." *McNamara*, 2008 WL 5244648, at *2 (citing *Jones v. Wilhelm*, 425 F.3d 455, 462 (7th Cir. 2005) ("Absent exigent circumstances, nothing-neither the determination of probable cause nor the confirmation that a warrant is sufficiently particular-is meant to be left to the discretion of police officers executing a warrant")). In other words, the policeman can rely on the warrant-he does not have to cross-examine the judicial officer who issued it. *Patton*, 822 F.2d at 699.

It is undisputed that Officers Piek and Crisp were executing a facially valid arrest warrant on March 17, 2016. *See* SOF ¶¶ 6-10, 13-17. Unlike the warrants in *Johnson* and *Patton*, the

warrant in this case clearly lists Plaintiff's name and address and he is the one the authorities intended to arrest. *Id*. In approving probable cause for the arrest, Officer Guswiler could also rely on the warrant as probable cause for Plaintiff's arrest. *See* SOF ¶ 15. In this case, nobody made a mistake, and Plaintiff was lawfully arrested. Plaintiff's claims against Officers Piek, Crisp, and Guswiler should be dismissed for this reason alone.

Additionally, Officers Piek, Crisp, and Guswiler are protected by the collective knowledge doctrine. "The collective knowledge doctrine permits an officer to stop, search, or arrest a suspect at the direction of another officer or police agency, even if the officer himself does not have firsthand knowledge of the facts that amount to the necessary level of suspicion to permit the given action." *United States v. Williams*, 627 F.3d 247, 252 (7th Cir. 2010) (citing *United States v. Hensley*, 469 U.S. 221, 232-33 (1985)). "There is no Fourth Amendment violation if the knowledge of the officer directing the stop, search, or arrest—or the collective knowledge of the agency for which he works—is sufficient to constitute probable cause." *United States v. Harris*, 585 F.3d 394, 400 (7th Cir. 2009). "In order for the collective knowledge doctrine to apply, (1) the officer taking the action must act in objective reliance on the information received, (2) the officer providing the information—or the agency for which he works—must have facts supporting the level of suspicion required, and (3) the stop must be no more intrusive than would have been permissible for the officer requesting it." *Williams*, 627 F.3d at 252-53 (*citing United States v. Nafzger*, 974 F.2d 906, 911 (7th Cir. 1992)).

Officers Piek and Crisp, among other officers, arrested Plaintiff on the March 16, 2016 warrant on March 17, 2016. *See* SOF ¶¶ 13-15 . Despite not having any knowledge of the factual basis for the arrest warrant, these officers relied on the facially valid arrest warrant and arrested Plaintiff. *See* SOF ¶¶ 13-15. Their conduct certainly meets the three part test in

*Williams,* as (1) objectively, the warrant was facially valid, Officers Piek, Crisp, and Guswiler were justified in relying on it, and they did so; (2) Officers Bolton and Triplett knew the facts supporting probable cause, which were approved by a neutral magistrate; and (3) Officers Bolton and Triplett would have been justified in arresting Plaintiff themselves; thus, what Officers Piek, Crisp, and Guswiler did was no more intrusive. The collective knowledge the Chicago Police Department had about the warrant, and Officers Bolton and Triplett's knowledge of the basis therefore, supported the decision to arrest Plaintiff on the warrant. SOF ¶¶ 6-10, 13-15. No reasonable jury could find that Officers Piek, Crisp, and Guswiler lacked probable cause based on the arrest warrant. As such, Plaintiff's claims should be dismissed.

**II. Even if probable cause was lacking, and the collective knowledge doctrine did not apply, Plaintiff's claims against Piek, Crisp, and Guswiler fail due to the presence of qualified immunity.**

Qualified immunity protects government officials performing discretionary functions from liability where their conduct "could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638-39, 107 S. Ct. 3034, 3038, 97 L. Ed. 2d 523 (1987); *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). "In determining qualified immunity, a court asks two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of a constitutional right and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Hernandez v. Sheahan*, 711 F.3d 816, 817 (7th Cir. 2013). Courts may exercise discretion in deciding which question to address first. Id. Whether an officer has qualified immunity is a question of law for the judge to decide. *Whitt v. Smith*, 832 F.2d 451, 453 (7th Cir. 1987).

There is no question that Plaintiff's constitutional right to be free from arrest without probable cause was clearly established at the time of the incident. *Humphrey v. Staszak*, 148 F.3d

7

719, 725 (7th Cir. 1998) (citing *Baker v. McCollan*, 443 U.S. 137, 142, 99 S.Ct. 2689 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854 (1975)). "Yet 'the corresponding doctrine of qualified immunity for police officers has also long been recognized.'" *Fleming v. Livingston Cty., Ill.*, 674 F.3d 874, 879 - 80 (7th Cir. 2012), (citing *Pierson v. Ray*, 386 U.S. 547, 555–58, 87 S.Ct. 1213 (1967)). That corresponding doctrine shields officers from "suit for damages if 'a reasonable officer could have believed [the arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed.'" *Gutierrez v. Kermon*, 722 F.3d 1003, 1008 (7th Cir. 2013), (citing *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534 (1991) (*quoting Anderson*, 483 U.S. at 641); *see also, e.g., Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009)). In other words, qualified immunity tolerates reasonable mistakes regarding probable cause. *Whitlock v. Brown*, 596 F.3d 406, 413 (7th Cir. 2010) (*citing Malley v. Briggs*, 475 U.S. 335, 343, 106 S.Ct. 1092 (1986)). Thus, as long as Defendants reasonably, albeit possibly mistakenly, believed that probable cause existed to arrest Plaintiff, they are entitled to qualified immunity.

To defeat the defense of qualified immunity, Plaintiff must point to a "clearly analogous case establishing a right to be free from the specific conduct at issue" or by showing the conduct was "so egregious" that a reasonable person must have believed a clearly-defined right was violated. *Wheeler v. Lawson*, 539 F.3d 629, 639-40 (7th Cir. 2008). Plaintiff, however, will be unable to meet either of these burdens. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley*, 475 U.S. at 341; *Hughes v. Meyer*, 880 F.2d 967, 970 (7th Cir. 1989).

Here, Officers Piek, Crisp and Guswiler's belief that probable cause existed was reasonable in view of the undisputed material facts. Officers Piek and Crisp had an arrest warrant

when they arrested Plaintiff. SOF ¶¶ 6-10, 13-15. When Officer Guswiler approved probable cause, she did so knowing that the warrant was active. SOF ¶¶ 13-15. There was no reason to doubt that the facially valid warrant, issued the day before the arrest, was anything but legitimate. Officers Piek, Crisp, and Guswiler are entitled to qualified immunity because they were not acting contrary to clearly established law based on the specific facts confronting them and the information they possessed at the time.

### III. The causal connection between Plaintiff's arrest and subsequent alleged malicious prosecution was broken when Plaintiff's arrest on the warrant was superseded by indictment.

To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) the defendant commenced or continued an original criminal or civil proceeding; (2) the proceeding terminated in the plaintiff's favor; (3) the proceeding was without probable cause; (4) the defendant acted maliciously in initiating or continuing the proceeding; and (5) the plaintiff was injured. *Logan v. Caterpillar, Inc.,* 246 F.3d 912, 922 (7th Cir. 2001); *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 62 N.E.2d 1238, 1242 (Ill. 1996). The failure to establish any one of these elements precludes recovery for malicious prosecution. *Gauger v. Hendle*, 2011 IL App (2d) 100316, ¶ 99, 954 N.E.2d 307, 326 (2d Dist. 2011).

As a general proposition, there is no causation after a criminal defendant has been indicted because the State's Attorney, not the police, prosecutes a criminal action. *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). It is conceivable that a wrongful arrest could be the first step towards a malicious prosecution; however, the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor. *Id.* A plaintiff may not maintain a malicious prosecution claim against an arresting officer without first showing "some postarrest

9

action which influenced the prosecutor's decision to indict." *Colbert v. City of Chicago,* 851 F.3d 649, 655 (7th Cir. 2017).

Here, like the plaintiff in *Reed*, Plaintiff does not allege that his original arrest warrant was based on any false statements by Officers Bolton or Tripplett. SOF ¶ 8. And even if he did, *Colbert* indicates that a subsequent indictment breaks the chain of causation of those allegedly false statements. *See Colbert* 851 F.3d at 655. As such, the indictment that occurred on March 31, 2016 broke any causal connection between the warrant and any claim of malicious prosecution against any defendant. SOF ¶22. For this reason, Plaintiff's malicious prosecution claim should be dismissed.

Defendants are also entitled to summary judgment of any malicious prosecution claim because Plaintiff cannot prove the requisite post-arrest conduct on the part of the officers necessary to succeed on such claims. In examining whether a police officer "continued" the proceedings, courts look to whether the defendant "actively participate[d] in the prosecution by advocating or demanding further prosecution, after learning there [was] no probable cause to believe the accused [was] guilty." *Adams v. Sussman & Hertzberg*, 292 Ill.App.3d 30, 43-45, 684 N.E.2d 935 (1st Dist. 1997); *Logan*, 246 F.3d at 922. Here, Plaintiff cannot establish that Defendants "continued" the proceedings as he cannot demonstrate sufficient post-arrest conduct on the part of the officers. For example, there is no evidence that any of the Defendants testified in the criminal proceedings. SOF ¶ 33. Defendants are, therefore, entitled to summary judgment. *Reed*, 77 F.3d at 1053.

Plaintiff cannot present evidence such that a reasonable jury could find in his favor on his malicious prosecution claim. Defendants are, therefore, entitled to judgment as a matter of law

10

because Plaintiff has failed to make a sufficient showing on an essential element of his case of which he has the burden of proof. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court enter an order granting summary judgment in their favor and against Plaintiff on all of Plaintiff's claims and for such other and further relief as this Court deems just and proper.

Dated: **August 28, 2017**　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: /s/ *Mark D. Winistorfer*

　　　　　　　　　　　　　　　　　　　　　　Mark D. Winistorfer
　　　　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel
　　　　　　　　　　　　　　　　　　　　　　City of Chicago Law Department
　　　　　　　　　　　　　　　　　　　　　　30 North LaSalle Street, Suite 900
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60602
　　　　　　　　　　　　　　　　　　　　　　(312) 744 - 6905 (Phone)
　　　　　　　　　　　　　　　　　　　　　　(312) 744-6566 (Fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendants' **MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**, which sends a true and correct copy to all parties of record, including:

Aaron Clayton
B-11744
Shawnee-SHW
6665 State Route 146 East
Vienna, IL 62995

on this 28th day of August, 2017. A copy of this answer will also be sent to the individual listed above via regular U.S. Mail, postage prepaid, on the 29th day of August, 2017.

      Respectfully submitted,

      */s/ Mark D. Winistorfer*
      Mark D. Winistorfer
      Assistant Corporation Counsel
      30 N. LaSalle Street, Suite 900
      Chicago, Illinois 60602
      Atty. No.: 6310510
      (312) 744-6905
      (312) 744-6566 (FAX)